UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                                           CASE NO. 3:24-cv-831-WWB-SJH

TORO JAX PROPERTY I, LLC, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

    This cause is before the Court on Plaintiff's Applications for Clerk's Defaults Against DC Montgomery Property, LLC, Doc. 21; Direnzo Real Estate Management IV, LLC, Doc. 22; DJ Montgomery, LLC, Doc. 23; and Toro Jax Property I, LLC, Doc. 24 (collectively, "Motions"). The Motions are due to be **denied without prejudice**.

    Federal Rule of Civil Procedure 5(a)(1)(D) "requires that written motions be served on every party and that a certificate of service be filed with motions. 'Nothing in the text of Rule 55 excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment), and Rule 5(a) on its face requires such service.'" *PNC Equip. Fin., LLC*, 2014 WL 12625121, at *1 (quotation omitted); *see also Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-cv-512-FtM-38MRM, 2017 WL 10591766, at *1 (M.D. Fla. Nov. 27, 2017). Here, Plaintiff's Motions give no indication they were ever served on Defendants. Though they each

include a certificate of service, such state merely that the Motions were filed via CM/ECF not that Defendants (who have yet to appear to receive electronic service via CM/ECF) were served with the Motions. *See* Doc. 21 at 4; Doc. 22 at 4; Doc. 23 at 4; Doc. 24 at 4.

Thus, because the Motions (Docs. 21-24) fail to comply with Federal Rule of Civil Procedure 5, they are **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 20, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record